IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY A. WHITEHURST, | § | |
|     Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-09-3742 |
| | § | |
| BECKY BURKS, | § | |
|     Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Anthony A. Whitehurst is a federal offender serving a term of supervised release under the supervision of respondent Becky Burks, Chief Probation Officer for the Southern District of Texas. *Whitehurst v. Burks*, Civil Action No.H-08-2473 (S.D. Tex. Apr. 10, 2009). In the pending petition and "Amendment to the Writ," filed pursuant to 28 U.S.C. § 2241, petitioner challenges the calculation of his federal sentence; specifically he alleges that under 18 U.S.C. § 3585(b), he is entitled to credit on his federal sentence for all of the time that he was detained in state custody. (Docket Entries No.1, No.8). This Court, however, has previously denied on the merits petitioner's claim regarding the calculation of his federal sentence and addressed the claims upon which petitioner seeks relief in the present petition. *See* Civil Action No.H-08-2473 (Docket Entries No.17, No.21). For this reason, respondent moves for dismissal under 28 U.S.C. § 2244(a) and as an abuse of the writ. (Docket Entry No.11).

Section 2244(a) provides:

No circuit or district judge shall be required to entertain an application for a writ of habeas court to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a).  The Fifth Circuit has found that 28 U.S.C. § 2244(a) bars successive § 2241 petitions that are based on the same legal claim.  *Ortloff v. Fleming*, 88 Fed. Appx. 715, 2004 WL 298595 (5th Cir. 2004) (unpublished) (citing *United States v. Tubwell*, 37 F.3d 175, 1770178 (5th Cir. 1994)).

Despite his efforts to show otherwise, petitioner fails to refute that his sentence calculation claim, which was fully litigated in his prior § 2241 petition, does not raise a new issue.  Nor does petitioner present sufficient cause and prejudice, or a fundamental miscarriage of justice, for his failure to raise any new issue related to the calculation of his sentence earlier.[1]  Therefore, the pending petition is subject to dismissal as an abuse of the writ or successive.  *See Davis v. Fechtel*, 150 F.3d 486, 491 (5th Cir. 1998) (dismissal appropriate where § 2241 petition "clearly constitutes an abuse of the writ either under our pre- or post-AEDPA jurisprudence"); *see also Jennings v. Menifee*, 214 Fed. Appx. 406, 2007 WL 129021, at * 1 (5th Cir. Jan. 16, 2007) (per curiam) (unpublished).

Accordingly, the Court ORDERS the following:

Respondent's Motion to Dismiss (Docket Entry No.11) is GRANTED.

The present habeas action is DISMISSED WITH PREJUDICE.

All other pending motions are DENIED.

---

[1] Petitioner contends that this Court denied him motion to amend the earlier petition to seek relief on the claims he raises in the present petition. This Court, however, denied leave to amend as futile because the evidence undisputedly established that petitioner received the credit he sought. *Whitehurst v. Burks*, Civil Action No.H-08-2473 (S.D. Tex. Apr. 1, 2009).  In the Memorandum Opinion and Order entered August 10, 2009, the Court revisited petitioner's arguments and rejected petitioner's request for reconsideration of the Court's conclusion that respondent is entitled to summary judgment. *Id.*, Docket Entry No.21.

SIGNED at Houston, Texas, this 14th day of January, 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE